FILED
June 18, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002717850

3
Susan M Didriksen, Chapter 7 Trustee
PO Box 1460
Shingle Springs, CA 95682
Tel: (530)232-6119
E-mail: didriksen1@gmail.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>**GAYLE G. BROWN,**<br><br>Debtor. | Case No. 10-27765-C-1<br>DCN: SMD - 3<br><br>DATE: July 20, 2010<br>TIME: 9:30 A.M.<br>DEPT: C<br>COURTROOM: 35 (6th Floor) |

**TRUSTEE'S MOTION TO SELL PERSONAL PROPERTY OF THE ESTATE**

TO: THE HONORABLE CHRISTOPHER M. KLEIN, JUDGE, U. S. BANKRUPTCY COURT; THE OFFICE OF THE U. S. TRUSTEE; THE ABOVE-CAPTIONED DEBTOR; AND, THE DEBTOR'S ATTORNEY.

The undersigned, Susan M. Didriksen, the court appointed Chapter 7 Trustee (the "Trustee") in the above-captioned Bankruptcy estate of Gayle G. Brown, (the "Debtor"), hereby requests that this Court approve the sale of the Bankruptcy's Estate's interest in a 2009 Toyota Matrix (the "Motor Vehicle"), with approximately 50,000 miles on the odometer, to the debtor for a total of $13,730.00 cash. In support of this motion, the undersigned Trustee respectfully represents the following:

1. The Debtor filed a voluntary Chapter 7 Bankruptcy Petition on or about March 26, 2010, and an Order for Relief was entered thereon.

2. Susan M. Didriksen was appointed as the Interim Chapter 7 Trustee on or about March 26, 2010, and continues to serve in that capacity.

3. The Court has jurisdiction over the current motion under 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding under 28 U.S.C. section 157(b)(2)(A), (N) and (O).

4. The Debtor filed Schedule B on or about March 26, 2010, and disclosed personal property described as follows:

"2009 Toyota Matrix"

(hereinafter referred to as the "Motor Vehicle"), having a disclosed market value of $12,000. Upon further investigation, the market value of the Motor Vehicle was determined to be $13,730.

5. The Debtor's Schedule "C" filed on or about March 26, 2010, claimed monetary exemptions pertaining to the Motor Vehicle in the amount of $3,300.00 pursuant to C.C.P. §703.140(b)(2) and $8,700.00 pursuant to C.C.P. §703.140(b)(5).

6. The Debtor's Schedule D filed on March 26, 2010, disclosed no indebtedness nor obligations secured by the Motor Vehicle.

7. The Debtor, through her attorney, Mr. Richard Suh, has presented an offer in the amount of $13,730.00 to purchase the aforementioned Motor Vehicle in an "as-is" condition from the Bankruptcy Estate as follows:

```
           $13,730.00   Debtor's Offer to Purchase the Subject Personal Property
Less:        3,300.00   Credit for Debtor's §703.140(b)(2) exemption
             8,700.00   Credit for Debtor's §703.140(b)(5) remaining exemption
            $1,730.00   Net Purchase Amount to be tendered by the Debtor
```

8. The payment will be made in six monthly installments of $288.33 due the first of each month in the form of Cashier's Check to the undersigned Trustee for the purchase of the Motor Vehicle.

9. The undersigned Trustee believes that the immediate liquidation of the Subject Personal Property is in the best interest of the Bankruptcy Estate. This proposed sale would also alleviate the typical costs incurred with the sale of vehicles (i.e. smog check and smog certificate, auctioneer's commission, repairs, etc.) and any sales commission attendant to a sale. Therefore, the trustee requests the approval from this Court to sell the aforementioned Motor Vehicle to the Debtor for the amount of $13,730, less credits in the amounts of $3,300.00 representing the Debtor's claimed C.C.P. §703.140(b)(2) exemption and $8,700.00 representing the Debtor's claimed remaining C.C.P. §703.140(b)(5) exemption, subject to any overbids tendered at the Court hearing.

10. At the Court hearing, the Trustee will request that the Court solicits overbids. The Trustee further requests that overbids, if any, be submitted in minimum increments of $200.00 from qualified bidders who much contact the Trustee at least twenty-four hours prior to this hearing. Any

successful over bidder must remit the full amount of the cash selling price to the Trustee within twenty-four hours after the Court hearing is concluded.

11. In the event that the Motor Vehicle is sold to a third party pursuant to an overbid tendered at the Court hearing, the undersigned Trustee requests authority to pay their monetary exemption on the amounts of $3,300.00 representing the Debtor's claimed C.C.P. §703.140(b)(2) exemption and $8,700.00 representing the Debtor's claimed remaining C.C.P. §703.140(b)(5) exemption.

WHEREFORE, the undersigned Trustee respectfully requests that this Court: A.) Approve the sale of the aforementioned Motor Vehicle to the Debtor in the manner stated herein, B.) Provide authority for the Trustee to execute all documents necessary to complete the contemplated sale; C.) Provide authority for the Trustee to either pay or credit the exempted amounts of $3,300.00 and $8,700.00 directly to the Debtor from the sale of proceeds of the subject Motor Vehicle if sold to a third party; and, D.) Provide for such other relief as the Court deems appropriate.

Respectfully submitted,

Dated: June 18, 2010         /s/ Susan M. Didriksen
                             Susan M. Didriksen, Chapter 7 Trustee